U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

AUG 2 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAKIESHA PARKER AND DONALD L. PARKER | CIVIL ACTION NO. 08-184 |
| versus | JUDGE TRIMBLE |
| MARVIN BLAKE, JR., ET AL. | MAGISTRATE JUDGE KIRK |

MEMORANDUM RULING

Before the court is a motion to dismiss[1] or, in the alternative, for a more definite statement filed by defendant Equifirst Corporation (hereinafter "Equifirst"). For the reasons discussed herein below, the court finds that defendant's motion should be GRANTED and, additionally, that all other claims against defendants in this action should be DISMISSED for failure to state a claim as to which relief may be granted under Fed. R. Civ. P. 12(b)(6).

I. BACKGROUND

A. Relevant Facts

Pro se plaintiffs Lakiesha Parker and Donald L. Parker ("Plaintiffs") filed suit against Lagniappe Realty of Natchitoches, LLC, Primary Residential Mortgage, Inc., and Carolyn Breedlove ("Breedlove") in the United States District Court for the Eastern District of Louisiana on April 25, 2007.[2] Plaintiffs' complaint alleged that they met Marvin Blake, Jr. ("Blake"),

---

[1] R. 26.

[2] Civil Action Number 07-2656.

1

defendant herein, and that he agreed to help them buy a home located at 433 Martin Luther King, Jr. Drive in Natchitoches, Louisiana after discussions which included plaintiffs' poor credit history.[3] Plaintiffs' complaint alleged that they were instructed to contact Dameon Marshall ("Marshall"), also defendant herein, in order to begin the loan application process and that, after some setbacks concerning Lakiesha Parker's credit score, they were finally approved for financing.[4] Although this process involved signing more than one set of loan papers, plaintiffs asserted that they did not question Marshall on this matter and signed the papers completing the loan process.[5] Plaintiffs alleged that they were told by Blake and Marshall that as soon as Breedlove dropped the seller's second mortgage on the property, they would be given a sum of money equal to 15% of the value of the house, which they were entitled to as equity in the home they just purchased.[6] Plaintiffs further alleged that Breedlove never dropped this second mortgage and, consequently, they never received the money they were promised. Moreover, plaintiffs asserted that Equifirst, the mortgage lender, only had record of one mortgage on the property in question and suggested that plaintiffs seek legal assistance in this matter.[7] Plaintiffs alleged that, after speaking with title attorney John Kennedy of Supreme Title of Louisiana, Inc.,

---

[3]Complaint in Eastern District Court, attached as an exhibit to Complaint in Western District Court [R. 1], at p. 1.

[4]Id., at p. 5.

[5]Id.

[6]Id., at p. 6.

[7]Id., at pp. 6-7, 8.

they learned that "Mr. Blake had stolen our money."[8]

All three defendants to this prior action filed individual motions to dismiss, which were granted by the Eastern District Court, speaking through Judge Africk. The court explained, in its ruling of July 24, 2007,[9] that plaintiffs' suit should be dismissed for lack of subject matter jurisdiction because the complaint presented no federal question for consideration and, further, no diversity existed between the parties. Accordingly, the Eastern District Court granted the motions before it and dismissed plaintiffs' claims without prejudice.

Plaintiffs filed the instant suit on February 7, 2008, naming all three prior defendants and adding John Torrent, Shawn Stinson and Equifirst. Plaintiffs' complaint outlines the same series of events which they allege to have resulted in theft of money belonging to them, but adds multiple causes of action under federal law against all five defendants.

As of the date of this ruling, service has not been perfected as to all defendants and Equifirst is the only defendant to make an appearance in this suit.

### B.     Applicable Standard

Fed. R. Civ. P. 12(b)(6) permits dismissal of claims when a plaintiff fails to allege facts

---

[8]Id., at p. 7.

[9]As pointed out by Equifirst, plaintiffs' prior complaint and the Eastern District Court's ruling in that case are matters of public record and are, further, attached to plaintiffs' instant complaint. Therefore, our review of these documents does not convert the motion before us into a motion for summary judgment. Cinel v. Connick, 15 F.3d 1338, 1343 n. 3 (5th Cir. 1994) (court may refer to matters of public record when considering Rule 12(b)(6) motion to dismiss); Causey v. Sewell Cadillac-Chevrolet, 394 F.3d 285 (5th Cir. 2004) (attachments to plaintiff's complaint which are referred to in the complaint and central to the claim are considered part of the pleadings).

which would entitle him to relief.[10] The court must view the complaint at issue in the light most favorable to the plaintiff, taking all well-pled factual allegations as true for the purposes of the motion at hand.[11] A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.[12]

Pro se complaints are held to less stringent standards than those applied to pleadings drafted by attorneys.[13] Whether a complaint is written by a pro se plaintiff or drafted by an attorney, it shall not survive a motion to dismiss if based on conclusory allegations or legal conclusions presented as fact.[14]

Federal courts are courts of limited jurisdiction, vested with only that subject matter jurisdiction given by Congress pursuant to Article III of the U.S. Constitution.[15] Federal district and appellate courts are duty bound to examine the existence of subject matter jurisdiction at all stages of litigation, raising the issue on their own initiative if the parties do not.[16]

---

[10]Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002), citing McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998).

[11]Id., 296 F.3d at 376, citing McConathy..

[12]Conley v. Gibson, 355 U.S. 41 (1957).

[13]Haines v. Kerner, 404 U.S. 519 (1972).

[14]Fernandez-Montez v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993).

[15]Bender v. Williamsport Area School District, 475 U.S. 534 (1986); Stockman v. Federal Election Com'n., 138 F.3d 144 (5th Cir. 1998).

[16]Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), citing Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 278-79, Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900).

II. **Analysis**

*Securities fraud claims under 15 U.S.C. §§ 77g and 78j*

Plaintiffs' complaint alleges that defendants Marshall and Equifirst engaged in securities fraud in violation of 15 U.S.C. §§ 77g and 78j.[17] These cited statutes comprise part of the Securities Acts of 1933 and 1934, respectively. The Securities Acts of 1933 and 1934 were enacted to provide protection from fraud for investors and were not intended to apply to commercial transactions.[18] Individual residential mortgages are not securities within the meaning of these Acts because they contain none of the characteristics of an investment for profit and are, instead, simply commercial transactions.[19] The anti-fraud protections of the federal Securities Acts cited by plaintiffs do not apply to individual residential mortgages and, thus, plaintiffs are not entitled to relief under these statutes. Accordingly, all such claims by plaintiffs should be dismissed with prejudice.

*Eighth Amendment claims*

Plaintiffs' complaint alleges that Equifirst violated their "human rights" and thereby violated the Eighth Amendment to the U.S. Constitution.[20] As recited earlier in this ruling, it is not enough to plead the legal conclusion that a party has violated your Eighth Amendment

---

[17] R. 1 at pp. 5, 9.

[18] Home Guaranty Ins. Corp. v. Third Financial Services, Inc., 667 F. Supp. 577, 581 (M.D. Tenn. 1987), citing C.N.S. Enterprises, Inc. v. G & G Enterprises, Inc., 508 F.2d 1354, 1359 (7th Cir. 1975).

[19] Id., citing Exchange National Bank v. Touche Ross & Co., 544 F.2d 1126 (2d Cir. 1976), Movielab, Inc. v. Berkey Photo, Inc., 452 F.2d 662 (2d Cir. 1971).

[20] R. 1 at p. 9.

rights. In order to avoid dismissal of this claim, plaintiffs must plead facts which demonstrate a colorable entitlement to relief under the cited law.[21] As above, this standard applies to all claims, even those advanced by pro se plaintiffs, as here.

The Eighth Amendment provides:

> "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[22]

Plaintiffs do not allege that they have been subjected to excessive bail, fines or that they were subjected to cruel and unusual punishment while in the custody of the state or federal government. This case concerns the private transaction of a residential mortgage and, as such, the Eighth Amendment is wholly inapplicable to this case. Accordingly, we find that all such claims should be dismissed with prejudice because plaintiffs have failed to state a cognizable claim for relief under the Eighth Amendment.

*Conspiracy claims*

Plaintiffs' complaint alleges that defendants Marshall, Blake, Breedlove, Torrent and Stinson engaged in conspiracy in violation of 18 U.S.C. § 371.[23] This statute provides that

> "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both..."

---

[21] Guidry v. Bank of LaPlace, 954 F.2d 278 (5th Cir. 1992).

[22] U.S. Const. amend. VIII.

[23] R. 1 at pp. 6, 9.

18 U.S.C. § 371 is a federal statute which imposes criminal liability upon persons convicted of conspiring to commit an offense, including fraud, against the United States or any agency of the United States. Plaintiffs do not allege that any defendant acted in concert with another for any such purpose. This statute does not create a civil cause of action to which plaintiffs are entitled, nor is it otherwise applicable in this case. Accordingly, all such claims by plaintiffs should be dismissed with prejudice.

*Mortgage fraud claims*

Plaintiffs' complaint alleges that defendants Marshall, Blake and Breedlove committed mortgage fraud under 18 U.S.C. §§ 1001, 1014.[24] Section 1001 provides criminal penalties for persons convicted of fraud or false statements during the course of certain dealings with the federal government and not applicable to this case because plaintiffs do not allege that any defendant made false statements to the United States government. As above, this criminal statute, were it applicable to allegations made by plaintiff still would not create a private civil cause of action or entitlement to monetary relief thereunder.

Section 1014 is also a federal statute providing criminal penalties for fraud or false statements, although this section concerns fraud or false statements committed in the course of loan or credit applications to certain enumerated federal agencies. Plaintiffs have not alleged any fraud or false statement by any defendant to any enumerated federal agency. Accordingly, this statute is inapplicable and provides no relief to which plaintiffs are entitled.

Accordingly, this court finds that all claims by plaintiffs under Sections 1001 and 1014 should be dismissed with prejudice.

---

[24] R. 1 at pp. 5, 7.

*Money laundering claims*

Plaintiffs allege that defendants Marshall, Blake, Breedlove and Torrent engaged in money laundering in violation of 18 U.S.C. 1956. Section 1956 is a federal criminal statute prohibiting financial transactions involving the proceeds of certain specified unlawful activities which are listed in Subsection 7 of that statute. Plaintiffs do not allege that any defendant engaged in any activity listed in Subsection 7. This statute does not grant a civil cause of action to plaintiffs and, accordingly, they have failed to state a cognizable claim under Section 1956. All such claims by plaintiffs should be dismissed with prejudice.

*Wire fraud claims*

Plaintiffs' complaint alleges that defendants Marshall, Blake and Breedlove committed wire fraud in violation of 18 U.S.C. 1343. Section 1343 is a federal criminal statute providing for fines and imprisonment when a defendant is convicted of "...obtaining money or property by means of false or fraudulent pretenses, representations, or promises..." by way of interstate or foreign wiring of funds, among other means. As we have already stated, plaintiffs are not granted a civil right of action against defendants under Section 1343. Accordingly, the court finds that all claims by plaintiffs against defendants under 18 U.S.C. 1343 should be dismissed with prejudice as they have failed to state a cognizable claim for relief.

*Bank fraud claims*

Plaintiffs' complaint alleges that defendants Marshall, Blake and Breedlove have committed fraud against a financial institution under 18 U.S.C. 1344. Section 1344 is, like several of the other statutes cited in plaintiffs' complaint, a federal criminal statute which does not provide a civil right of action against defendants. Even if this were a statute providing a civil

8

right of action against defendants, plaintiffs would not be able to raise this issue, as they are not a financial institution and, thus, not the victim of any alleged bank fraud. Accordingly, the court finds that plaintiffs have failed to state a cognizable cause of action under 18 U.S.C. 1344 and, accordingly, all such claims by plaintiffs should be dismissed with prejudice.

### III. CONCLUSION

The court has carefully reviewed each of plaintiffs' claims, construing the allegations as true for the purposes of determining both Equifirst's motion to dismiss and general jurisdictional concerns. As detailed above, we find that plaintiffs' allegations, when taken as true, are legal conclusions based on inapplicable statutes. In many instances, plaintiffs cite federal criminal law in support of their demand for monetary relief. As explained above, federal criminal statutes do not provide a basis for plaintiffs to seek money damages in this case. A majority of the cases cited by plaintiffs bear this out, in that they are federal criminal cases in which the defendants are being criminally prosecuted by the United States government. This is not the nature of plaintiffs' suit and, thus, these cases provide no authority for plaintiffs' lawsuit. Thus, we find that no federal question is presented by plaintiffs' complaint and that, for this reason, we lack subject matter jurisdiction over any claims asserted by plaintiffs. We also find that no diversity of citizenship exists among the remaining parties, Equifirst having been dismissed on its own motion.

The court, having reviewed plaintiffs' allegations carefully, finds that all of plaintiffs' claims in this suit should be dismissed with prejudice. **Plaintiffs may, and perhaps should, file suit against these defendants in a Louisiana state court, as their allegations tend to demonstrate a state law cause of action, rather than a federal law cause of action. Plaintiffs**

**are cautioned that refiling this lawsuit in federal court will likely result in future dismissals for the reasons we have outlined in this ruling and, therefore, are not an efficient use of plaintiffs' limited resources or those of this court.**

Considering the foregoing, the court also finds that plaintiffs' pending motions for default judgment[25] should be denied as moot. The court will issue a judgment of dismissal based on its findings.

August 29, 2008

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[25] R. 49, 51.